UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED

JUL 2 2 2026

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. )
)
)
LISA McKINNEY, )
)
Defendant. )

4:26-cr-00341-MTS/PLC

## INDICTMENT

The Grand Jury charges that:

## INTRODUCTION

At all times relevant to the Indictment, unless otherwise specified below:

### Defendant and Associated Accounts

1.      Defendant Lisa McKinney ("Defendant McKinney") was a resident of St. Louis, Missouri, within the Eastern District of Missouri.

2.      Defendant McKinney was the joint owner of and signatory to Bank of America personal checking account ending in #8018 held in the names of Lisa McKinney and T.M.

3.      Defendant McKinney was the joint owner of and signatory to Bank of America savings account ending in #6735 held in the names of Lisa McKinney and T.M.

### The Paycheck Protection Program

4.      The Paycheck Protection Program ("PPP") was a COVID-19 pandemic relief program administered by the Small Business Administration ("SBA") that provided forgivable loans to small businesses for job retention and certain other expenses. The PPP permitted participating third-party lenders to approve and disburse SBA-backed PPP loans to cover payroll,

1

fixed debts, utilities, rent/mortgage, accounts payable and other bills incurred by qualifying businesses during, and resulting from, the COVID-19 pandemic. PPP loans were fully guaranteed by the SBA, meaning that if the borrower defaulted on the loan, the SBA would pay the borrower's debt to the lender.

5.    To obtain a PPP loan, a qualifying business had to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan, including that the business was in operation and either had employees for whom it paid salaries and payroll taxes or paid independent contractors. A business applying for a PPP loan was required to provide documentation showing its payroll expenses, such as filed federal income tax documents.

6.    The types of businesses eligible for a PPP loan included individuals who were self-employed or operated as a sole proprietorship, and who did not have any employees. The PPP loan application for a self-employed individual or sole proprietorship required such an individual to certify the individual's annual income or net profit, as typically reported to the Internal Revenue Service on Form 1040, Schedule C, for a given tax year and to provide documentation showing the individual's annual income or net profit.

7.    PPP loan applications were electronically submitted or caused to be submitted by the borrower and received through SBA servers located in Virginia or Oregon. Once approved, the borrower received the PPP loan proceeds via an electronic funds transfer from the third-party lender to a financial account identified by the borrower.

8.    To obtain forgiveness of a PPP loan, a borrower had to submit a PPP loan forgiveness application. In the forgiveness application, a borrower had to certify that the loan proceeds had been spent on payroll costs and other permitted expenses. Once approved for

2

forgiveness, a borrower would owe nothing and would have no obligation to repay the PPP loan, and the SBA would pay the lender in full.

9.      Borrowers who received a PPP loan were, in certain circumstances, permitted to apply for a second PPP loan, referred to as a "Second Draw" PPP loan. In the application for a Second Draw PPP loan, a borrower had to also certify that he or she had used the first PPP loan only for permitted expenses. In some instances, a borrower was also required to demonstrate at least a 25% reduction in gross receipts between comparable quarters in 2019 and 2020.

10.     Harvest Small Business Finance ("Harvest SBF") was a third-party participating lender in the PPP. Womply was a technology company that provided an Internet-based platform to receive and process PPP loan applications for third-party participating PPP lenders, including Harvest SBF. Womply processed applications for PPP loans submitted to Harvest SBF through an Internet-based web portal that was hosted on servers located in Virginia and Oregon.

## COUNTS 1 THROUGH 4
### (18 U.S.C. § 1343 and § 2: Wire Fraud)

11.     The allegations in Paragraphs 1 through 10 are hereby realleged and incorporated herein.

## THE SCHEME TO DEFRAUD

12.     Beginning no later than in or around April 2021, and continuing through at least in or around August 2021, in the Eastern District of Missouri and elsewhere, the defendant,

### LISA McKINNEY,

with intent to defraud, devised and intended to devise a scheme and artifice to defraud third-party participating lenders in the PPP and the SBA, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, by submitting fraudulent applications for PPP loans.

3

**MANNER AND MEANS**

13.     Defendant McKinney submitted and caused to be submitted fraudulent first and second draw sole proprietorship PPP loan applications.  She submitted those fraudulent PPP loan applications under her own name.

14.     Defendant McKinney falsely represented in her fraudulent PPP loan applications that she earned $117,840.00 in gross income for 2019 for her daycare business.  In truth and fact, however, as Defendant McKinney knew full well, she did not earn $117,840.00 in gross income for 2019.

15.     Defendant McKinney submitted false and fraudulent IRS Form 1040 Schedule Cs in support of her fraudulent PPP loan applications.  The Schedule C form contained the same false statement that Defendant McKinney earned $117,840.00 in gross income for 2019.  The IRS Form 1040 Schedule C submitted by Defendant McKinney with her loan applications was never filed with the IRS.

16.     It was further part of the scheme that, acting in reliance on the false representations made by Defendant McKinney, as a result of the false and fraudulent representations made, the third-party participating PPP lender approved Defendant McKinney's PPP loan applications.

17.     Defendant McKinney caused the third-party participating lenders to disburse loan proceeds, specifically, $20,833.00 per approved first and second draw PPP loan applications, into her Bank of America Account ending in #8018.

18.     Defendant McKinney transferred PPP loan proceeds to her Bank of America Savings Account ending in #6735 weekly from April 19, 2021, to July 20, 2021.

19.     On or about August 6, 2021, and August 12, 2021, Defendant McKinney submitted and caused to be submitted fraudulent applications for PPP loan forgiveness.

20.     It was further part of the scheme Defendant McKinney fraudulently obtained

4

approximately $41,666.00 in PPP loans from participating PPP lenders, all of which were fully forgiven, along with the applicable interest, as listed in the table below:

| Date of Loan Application | Lender | Loan Amount | Interest Amount | Date of Forgiveness Application |
|---|---|---|---|---|
| April 5, 2021 | Harvest SBF | $20,833.00 | $74.20 | August 12, 2021 |
| April 10, 2021 | Harvest SBF | $20,833.00 | $58.79 | August 6, 2021 |

### Wirings in Furtherance of the Scheme

21.    On or about the dates set forth below, in the Eastern District of Missouri and elsewhere, Defendant McKinney, having devised and intended to devise a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Summary |
|---|---|---|
| 1 | April 5, 2021 | An electronic First Draw PPP loan application submitted to Harvest SBF from the Eastern District of Missouri. |
| 2 | April 10, 2021 | An electronic Second Draw PPP loan application submitted to Harvest SBF from the Eastern District of Missouri. |
| 3 | August 6, 2021 | An electronic PPP loan application for forgiveness of a Second Draw PPP loan submitted to the SBA from the Eastern District of Missouri |
| 4 | August 12, 2021 | An electronic PPP loan application for forgiveness of a First Draw PPP loan submitted to the SBA from the Eastern District of Missouri |

All in violation of Title 18, United States Code, Section 1343.

### FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.     Pursuant to Title 18, United State Code, Section 981(a)(1)(C) and Title 28, United

5

States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in Counts 1 through 4, the Defendant(s) shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such violation(s).

2.     Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violation(s), which is at least $41,798.99.

3.     If any of the property described above, as a result of any act or omission of the Defendants:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third party;

c.     has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty, the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

THOMAS C. ALBUS
United States Attorney

_____
JOLENE TAAFFE #56946MO
Special Assistant United States Attorney

6